IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHARLES CLARK,

      Petitioner,

v.                                                                                              Civil Action No. 2:17-CV-116

JOE COAKLEY, Complex Warden,

      Respondent.

**REPORT AND RECOMMENDATION**

**I.      INTRODUCTION**

On September 5, 2017, the *pro se* Petitioner Charles Clark ("Petitioner") filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner is a federal inmate who was housed at USP Hazelton when he initiated this action and is challenging the validity of his sentence imposed in the United States District Court for the Southern District of Florida. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2.

**II.     PROCEDURAL HISTORY[1]**

Petitioner was charged by superseding indictment returned on March 27, 1992, with the offense of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 1846 (Count I), and possession with intent to distribute cocaine, in violation of 21 U.S.C. §

---

[1] Because the Petitioner's criminal conviction commenced in 1991, all matters preceding March 10, 1998 are unavailable on PACER. Accordingly, the undersigned has relied on a Report and Recommendation filed on April 18, 2016, to set forth the history of the Petitioner's criminal history and collateral attacks. See 1:15-cv-22713-FAM (FLSD ECF No. 10). *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record"); *Colonial Penn. Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'")

841(a)(1) and 18 U.S.C. § 2 (Count II).  Petitioner entered pleas of not guilty to the offenses charged and the case proceeded to jury trial.  On December 3, 1992, Petitioner was found guilty of both counts of the superseding indictment.

Before sentencing, a presentence investigation report ("PSI") was prepared establishing Petitioner's base offense level at 42, pursuant to U.S.S.G. § 2D1.1(a)(6) because the offense involved at least 4,560 kilograms of cocaine.  Four levels were added because the movant maintained a leadership role within his organization involving five or more participants.  The total offense level was set at 46.  Petitioner's offense level was reduced to 43 because, pursuant to U.S.S.G. § 5A, an offense level greater than 43 is to be treated as 43.  Petitioner had four criminal history points resulting in criminal history category III.  The statutory sentences for Counts I and II were life imprisonment.   Based on a total offense level of 43 and a criminal history category III, a sentence of life imprisonment was required.

On February 3, 1993, Petitioner was adjudicated guilty of the offenses and sentenced to two concurrent sentences of life imprisonment.   Petitioner's convictions and sentences were affirmed on direct appeal by the Eleventh Circuit Court of Appeals.  *See United States v. Clark*, 84 F.3d 436 (11th Cir. 1996).

Eight months later, Petitioner initiated a *pro se* pursuit of collateral relief.  He filed a motion to vacate pursuant to 28 U.S.C. § 2255 on December 13, 1996, challenging his life sentences.  The motion to vacate was denied in August 1997, and the Eleventh Circuit denied him a certificate of appealability.  *See Clark v. Unites States*, No. 04-13633-C (11th Cir. 2004).  On December 12, 1996, Clark filed his second motion to vacate under 28 U.S.C. § 2255.   On February 24, 1997, the motion to vacate was dismissed as duplicative of the then-pending earlier filed motion to vacate.

On February 11, 2013, Petitioner filed a third § 2255 motion to vacate arguing that his trial counsel was ineffective for failing to communicate a plea offer to him. *See Clark v. United States*, No. 13-20520-Civ-Moreno at Cv-DE# 1. The motion was dismissed by the district court as having been untimely filed. *Id*. at Cv-DE# 17. Accordingly, the case was closed on September 6, 2013. *Id*. at Cv-DE# 19. Petitioner's appeal was unsuccessful with the Eleventh Circuit holding that Petitioner was not entitled to a certificate of appealability because the lower court had lacked jurisdiction to consider the motion to vacate in that it was impermissibly successive and Petitioner had not obtained authorization for the appellate court to file a second or successive motion. *Id*. at Cv-DE# 29. *See also Clark v. United States*, No. 13-14276-A (11th Cir. 2014).

Petitioner filed a fourth § 2255 motion on June 2, 2014, wherein he argued that he was actually innocent of the section 851 enhancement and it was a miscarriage of justice to enhance his sentence due to an invalid prior conviction. *See Clark v. United States*, No. 14-Civ-22154-Moreno at Cv-DE# 1, 4. On June 16, 2014, the case was dismissed by the District Court due to an improper successive motion to vacate. *See Clark v. United States*, No. 14-22375-Civ-Moreno at Cv-DE #1, 4. Petitioner again alleged that he was actually innocent of the section 851 enhancement and it was a miscarriage of justice to enhance his sentence due to an invalid prior conviction. *Id*. On July 10, 2014, the motion was dismissed as an unauthorized successive motion. *Id*. at Cv-DE# 7. The Petitioner did not appeal.

On June 26, 2014, Petitioner filed a fifth motion to vacate pursuant to 28 U.S.C. § 2255. *See Clark v. United States*, No. 14-22375-Civ-Moreno at DE# 1. The motion to vacate was dismissed on July 10, 2014, again as an unauthorized successive motion. *Id*. at Cv-DE# 5. No

appeal was made by Petitioner. Additionally, Petitioner has also sought a sentence reduction pursuant to 18 U.S.C. § 3582 and 18 U.S.C. § 3359. His attempts were unsuccessful.

### III. PETITIONER'S CLAIMS

In support of his § 2241 petition before this Court Petitioner cites *Mathis v. United States* in arguing that his sentence is improper. *Mathis v. United States*, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016). He alleges that under *Mathis*, one of his earlier convictions does not meet the requirements to be considered a felony, and therefore the conviction for which he is now incarcerated should not have resulted in a life sentence. ECF No. 1. He concludes that this makes him actually innocent of his sentence. *Id*.

### IV. STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases in the U.S. District Courts (2014); *see also* Rule 1(b) Rules Governing § 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d

387 (4th Cir. 1990). As discussed more fully below, Petitioner clearly is not entitled to relief under 28 U.S.C. § 2241 and, therefore, no response is required of Respondent.

## V. DISCUSSION

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. A petition for writ of habeas corpus, pursuant to § 2241, on the other hand, is intended to address the *execution* of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of § 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." *Anderson v. Pettiford*, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

However, there is a limited exception in which a challenge to the validity of a conviction may be raised in a § 2241 petition under the "savings clause" of § 2255:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for that relief by motion, to the court which sentenced him, or that the court has denied him relief, unless it also appears that the remedy by motion is **inadequate or ineffective to test the legality of his detention**.

28 U.S.C. § 2255(e) (emphasis added).

The Fourth Circuit has set forth the following test to determine whether § 2255 is inadequate and ineffective to test the legality of a conviction:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and** (3) the prisoner cannot satisfy the gate-

5

>keeping provisions of section 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

Moreover, the Fourth Circuit has held that the savings clause only preserves claims in which the petitioner alleges actual innocence of a conviction.[2] *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010), and does not extend to petitioners who challenge only their sentences. *See United States v. Poole*, 531 F.3d 263, 267 (4th Cir. 2008) (citing *In re Jones*, 226 F.3d at 334-34); *see also Rouse v. Wilson*, 584 Fed. Appx. 76 (4th Cir. 2014) (unpublished) ("The district court properly determined that Rouse could not proceed with his [challenge to his sentencing enhancement] under § 2241."); *Farrow v. Revell*, 541 Fed. Appx. 327, 328 (4th Cir. 2013) (unpublished) (finding that a challenge to an ACCA sentence was not cognizable in a § 2241 petition); *Darden v. Stephens*, 426 F. Appx. 173 (4th Cir. 2011) (unpublished) (declining to extend the reach of the savings clause beyond instances of actual innocence of the underlying offense of conviction.)

Here, Petitioner relies on the United States Supreme Court's decision in *Mathis* (explaining how courts should determine whether a state crime can be used as predicate offense under the ACCA)[3] for relief. However, that decision did not decriminalize the conduct for which

---

[2] "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 623 (1998).

[3] More specifically, the Supreme Court outlined the process by which a district court should determine, for the purpose of the Armed Career Criminal Act, if a defendant's prior state-court conviction was one of the enumerated violent felonies listed in 18 U.S.C. § 924(e)(2)(B)(ii). 136 S.Ct. 2247-57. Prior to *Mathis*, the Supreme Court required a district court to compare the elements of the state crime with the generic version of the enumerated federal offense. If the state crime was "the same as, or narrower than, the relevant generic offense," then the state crime qualified as an enumerated offense. 136 S.Ct. at 2257; see also *Taylor v. United States*, 495 U.S. 575, 599 (1990). The Supreme Court reaffirmed this approach in *Mathis*, but added that, because the inquiry focused on the generic offense, a court "may not ask whether the defendant's conduct – his particular means of committing the crime – falls within the generic definition." 136 S.Ct. at 2257. Accordingly, the Supreme Court concluded that if the elements of the state law crime are broader than the generic version of an enumerated federal offense, then the state law

Petitioner was convicted, and therefore, under Fourth Circuit precedent, he is unable to satisfy § 2255's savings clause to seek relief under § 2241.  Where, as here, a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction.  *Rice*, 617 F.3d at 807.

VI.    **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Petitioner's § 2241 petition be **DENIED and DISMISSED WITHOUT PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made and the basis for such objections.  A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge.  Failure to timely file objections to the Recommendation set forth above will result in the waiver of the right to appeal from a judgement of this Court based upon such Recommendation.  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.  Upon entry of this Report and

---

conviction could not serve as a predicate for career offender status under the Armed Career Criminal Act.  *Id*.

Recommendation, the Clerk of the Court is further **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: October 11, 2017

*s/ James E. Seibert*
JAMES E. SEIBERT
U.S. MAGISTRATE JUDGE
