# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**CHARLES CLARK,**

       Petitioner,

v.

                                  **CIVIL ACTION NO. 2:17-CV-116**
                                  **(BAILEY)**

**JOE COAKLEY,**

       Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert [Doc. 6]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Seibert filed his R&R on October 11, 2017, wherein he recommends this Court deny and dismiss the petitioner's motion without prejudice.

## BACKGROUND

Petitioner was indicted in 1991 for various cocaine offenses, including conspiracy to possess with intent to distribute and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1). *Clark v. United States*, 2014 WL 3535556, at *1 (S.D. Fla. July 16, 2014). Petitioner was found guilty by a jury and convicted on both counts. The Government filed a second offender notice, and the petitioner was sentenced to life imprisonment pursuant to 21 U.S.C. § 851. *Id.* at *2. Petitioner appealed his

conviction and sentence to the United States Court of Appeals for the Eleventh Circuit, which affirmed the district court's judgment. *Id.*; *United States v. Clark*, 84 F.3d 436 (11th Cir. 1996).

Petitioner then filed a series of applications for post-conviction relief. He filed his first habeas petition pursuant to 28 U.S.C. § 2255 on December 13, 1996. *Clark v. United States*, 2014 WL 3535556, at *2. The petition was denied. Petitioner then unsuccessfully filed for a sentence reduction pursuant to 18 U.S.C. §§ 3582 and 3559. *Id.* Petitioner filed his second habeas petition on February 11, 2013, "[taking] issue with the fact that he proceeded to trial, rather than entering a plea." *Id.* (liberally construing the petitioner's argument). The petition was denied as untimely. *Id.* Petitioner appealed the denial and sought a certificate of appealability, which the district court denied; petitioner then appealed the denial of the certificate of appealability.

Petitioner filed his third habeas petition on June 2, 2014, in which he argued that he was actually innocent of the § 851 second offender enhancement and that "it was a miscarriage of justice to enhance his sentence based upon a prior invalid conviction." *Id.* The petition was dismissed as successive. *Id.* The petitioner filed his fourth habeas petition on June 16, 2014, and argued the same grounds as in his previously denied third habeas petition—that he was actually innocent of the § 851 enhancement and that the enhancement was a miscarriage of justice. *Id.* This petition was dismissed due to petitioner's failure to obtain authorization to file a second or successive § 2255 motion. *Id.* Petitioner filed his fifth habeas petition on June 26, 2014, which was, again, dismissed as an unauthorized successive petition.

2

On August 31, 2017, the petitioner filed his sixth habeas petition in this Court pursuant to 28 U.S.C. § 2241 [Doc. 1]. As his sole ground for relief, the petitioner alleges that because of the United States Supreme Court's decision in *Mathis v. United States*, 136 S.Ct. 2243 (June 23, 2016), he is actually innocent of the prior drug conviction that supported the § 851 enhancement that resulted in a life sentence [Doc. 1, p. 5]. Petitioner alleges that this ground was not previously presented "in this form" because of the recent decision in *Mathis* [Doc. 1, p. 7]. In support, the petitioner argues that his prior conviction is no longer a felony offense after *Mathis*, and thus he did not properly qualify for the § 851 enhancement and is actually innocent of the enhanced sentence [Doc. 2].

In his R&R, Magistrate Judge Seibert concluded that the petition must be denied and dismissed without prejudice, because the petitioner could not satisfy the savings clause of § 2255(e). The petitioner fails to meet the savings clause so as to bring a claim under § 2241 because he only argues that he is innocent of a sentencing enhancement, not that a change in law rendered him actually innocent of the underlying conviction.

## APPLICABLE LAW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the

3

magistrate's proposed findings and recommendations." ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. ***Haines v. Kerner***, 404 U.S. 519, 520 (1972); ***Gordon v. Leeke***, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. On October 20, 2017, the petitioner filed a motion for extension of time [Doc. 8]. This Court granted the motion and extended the deadline to file objections to November 20, 2017 [Doc. 9]. The petitioner timely filed his Objections to the Magistrate Judge Report and Recommendation [Doc. 11] on November 6, 2017. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## **DISCUSSION**

The petitioner raises two objections to the R&R, which this Court will address in turn. The two objections overlap in many respects, as they both derive from the same basic objection—that Magistrate Judge Seibert erred by determining that ***Mathis*** had no impact upon the criminality of the underlying conviction, and that the petitioner could not invoke

4

the savings clause. Both objections fail for similar reasons.

First, the petitioner objects to the "determination that he cannot use a [§] 2241 motion to obtain relief for an illegal sentence." [Doc. 11, p. 1]. This objection is based upon a misunderstanding of the nature of the savings clause. The petitioner states that, "Judge Seibert makes [the determination] based on the assumption that 2241's cannot be used to overcome the 'savings clause'" and that Magistrate Judge Seibert is "clearly mistaken" in his statement of the savings clause in the Fourth Circuit. Id.

"As a threshold matter, it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010). Section 2241 states a *general* grant of habeas corpus authority, not a supplemental or alternative mechanism for relief to 28 U.S.C. § 2255. Section 2241 petitions are used to attack the manner in which a sentence is executed, not to attack a federal conviction or sentence itself—a § 2241 petition which challenges a federal conviction or sentence is properly construed as a § 2255 petition. See *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).

A federal prisoner "may file a habeas petition under § 2241 only if the collateral relief typically available under § 2255 'is inadequate or ineffective to test the legality of his detention.'" *Prousalis v. Moore*, 751 F.3d 272, 275 (4th Cir. 2014) (quoting 28 U.S.C. § 2255(e)). This exception is more commonly known as the "savings clause." 28 U.S.C. § 2255(e). If a petition under § 2241 does not satisfy the savings clause, the district court must dismiss "the unauthorized habeas motion . . . for lack of jurisdiction." *Rice*, 617 F.3d at 807.

The petitioner argues that he can use a § 2241 petition to challenge his sentence, because it is an illegal sentence in light of *Mathis*—regardless of the merit of the petitioner's argument, this is not, in and of itself, sufficient to confer jurisdiction on this Court to entertain his petition, as the R&R correctly noted. For this Court to have jurisdiction over this § 2241 petition, the petition must satisfy the savings clause, by a showing that § 2255 is inadequate or ineffective to test the legality of his detention. If it does not, this Court must dismiss the petition for lack of jurisdiction. *See Rice*, 617 F.3d at 807.

To show that § 2255 is "inadequate or ineffective to test the legality of his detention," the petitioner cannot merely rely upon an argument that his sentence is illegal, but must show that: "(1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the *substantive law* changed such that the *conduct of which the prisoner was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." *In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) (emphasis added).

The Fourth Circuit has not expanded the savings clause to allow for challenges to sentencing enhancements in a § 2241 petition. *See, e.g., United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) ("Fourth Circuit precedent has . . . not extended the reach of the savings clause to petitioners challenging only their sentence."); *Farrow v. Revell*, 2013 WL 5546155 (4th Cir. Oct. 9, 2013) (per curiam) (noting that challenges to a sentencing factor, including allegations of actual innocence of the sentencing factor, are

6

not cognizable in a § 2241 petition).

The petitioner asserts that his prior conviction upon which the § 851 notice was based was not a valid predicate offense in light of *Mathis*, and thus he is actually innocent of his sentence and can pursue relief under § 2241. In support of this argument, the petitioner cites to the Solicitor General's brief for the United States in *Persaud v. United States*, 134 S.Ct. 1023 (2014).[1] The Solicitor General's concession, however, has not been addressed by the Fourth Circuit or the United States Supreme Court since *Persaud* was remanded. Rather, Fourth Circuit cases, both before *Persaud* and after its remand, show that a petitioner challenging only his sentence cannot obtain relief through the savings clause. *Poole*, 531 F.3d at 267 n.7; *Rouse v. Wilson*, 584 F. App'x 76, n.* (4th Cir. Sept. 30, 2014) ("The district court properly determined that Rouse could not proceed with his claim [challenging the enhancement of his sentence] under § 2241.").

Under current law in the Fourth Circuit, the savings clause only preserves claims in which the petitioner has alleged *actual innocence* of a *conviction*, *Rice*, 617 F.3d at 807, and the petitioner does not allege that *Mathis* impacted the criminality of the underlying conviction. The petitioner does not claim that he is factually innocent of the prior drug offense, only that he is innocent of a sentencing enhancement based upon his prior convictions. The petitioner's challenge is *only* to the enhancement of his sentence.

---

[1] In *Persaud*, the Solicitor General of the United States filed a brief in which he conceded that the "petitioner is entitled to challenge the sentencing error [in this case] by way of a petition for a writ of habeas corpus under 28 U.S.C. § 2241." Brief for the United States, *Persaud*, 2013 WL 7088877, at *13 (Dec. 20, 2013). The Supreme Court of the United States vacated the prior judgment and remanded the case "for further consideration in light of the position asserted by the Solicitor General." 134 S.Ct. 1023.

7

Second, the petitioner objects "to Judge Seibert's conclusion that *Mathis* is not a decision that decriminalized the conduct for which Petitioner was convicted, and therefore, under Fourth Circuit precedent, he is unable to satisfy 2255's savings clause to seek relief under 2241." [Doc. 11, p. 3]. The petitioner bases this argument upon an unpublished Fourth Circuit opinion that is inapplicable to this petition—in *United States v. Solomon*, 694 F. App'x 186 (4th Cir. Aug. 2, 2017), the petitioner challenged the validity of his sentencing enhancement under the Armed Career Criminal Act (ACCA) pursuant to § 2255. The case did not address § 2241 or the savings clause. Here, the petitioner is seeking relief pursuant to § 2241, through the savings clause of § 2255. This is an entirely different question than that considered in *Solomon*. The petitioner offers no other discernable argument for why *Mathis* decriminalized his prior convictions for drug offenses.

*Mathis* did not decriminalize the conduct for which the petitioner was convicted. The petitioner has not demonstrated that § 2255 is inadequate or ineffective to test the legality of his detention because he cannot show, and has not alleged, that the *conduct* for which he was convicted has been deemed not criminal. Rather, the petitioner only alleges that he is actually innocent of the enhanced sentence under § 851 because he believes that a prior conviction used to support that enhancement is no longer a valid predicate offense after *Mathis*. Therefore, under Fourth Circuit precedent, the petitioner is unable to satisfy § 2255's savings clause to seek relief pursuant to § 2241. Accordingly, this is an improperly filed § 2241 petition, and this Court must dismiss for want of jurisdiction. *Rice*, 617 F.3d at 807.

8

## CONCLUSION

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 6]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. The petitioner's Objections to the Magistrate Judge Report and Recommendation **[Doc. 11]** are **OVERRULED**. Accordingly, this Court **ORDERS** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 **[Doc. 1]** be **DENIED** and **DISMISSED WITHOUT PREJUDICE**. This Court further **DIRECTS** the Clerk to **STRIKE** this case from the active docket of this Court.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** December 11, 2017

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE